UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ROBERT D. JONES, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | No. 16 C 6403 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Judge Thomas M. Durkin |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION & ORDER**

Robert D. Jones filed this *pro se* petition for relief under 28 U.S.C. § 2255 maintaining that his conviction for brandishing a firearm during a Hobbs Act robbery in violation of 18 U.S.C. § 924(c) is unconstitutional in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Jones argues that, because his conviction is unconstitutional, he is entitled to relief from his conviction and sentence pursuant to § 2255(a). For the following reasons, the Court denies Jones's petition (R. 1).

**Background**

On March 10, 2005, Jones pleaded guilty to two counts of Hobbs Act robbery and one count of Hobbs Act conspiracy in violation of 18 U.S.C. § 1951. In addition, Jones pleaded guilty to one count of brandishing a firearm during a Hobbs Act robbery in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced Jones to 219 months of imprisonment, 84 of which were imposed for violating 18 U.S.C. § 924(c)(1)(A). Jones did not appeal. Jones now moves to vacate his conviction and

sentence pursuant to 28 U.S.C. § 2255 with respect to the count under § 924(c)(1)(A).

**Standard**

Section 2255 allows "a prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A criminal defendant is entitled to relief from his conviction and sentence if "the court finds . . . that there has been a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.* § 2255(b). Section 2255 relief is reserved for "extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013).

**Analysis**

Section 924(c)(1)(A) imposes criminal liability upon "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). A "crime of violence" is defined by 18 U.S.C. § 924(c)(3) as:

> [A]n offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

2

Jones argues that, in light of the Supreme Court's decision in *Johnson*, 135 S. Ct. 2551, his execution of Hobbs Act robbery does not constitute a crime of violence, and that he is therefore entitled to relief from his conviction and sentence under § 924(c)(1)(A).

In *Johnson*, the Supreme Court held that 18 U.S.C. § 924(e)(2)(B)(ii), a provision of the Armed Career Criminal Act, is unconstitutionally vague and violates due process. 135 S. Ct. 2551, 2557. That holding applies retroactively to cases on collateral review. *Welch v. United States*, 136, S. Ct. 1257, 1265 (2016). The Seventh Circuit in *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015), found that the definition of "crime of violence" contained in 18 U.S.C. § 16(b) is unconstitutionally vague based on the Supreme Court's reasoning in *Johnson*. *Id.* at 723. The Seventh Circuit subsequently found the language of § 924(c)(3)(B) identical to the language of § 16(b) and invalidated § 924(c)(3)(B) as unconstitutionally vague. *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016).

Jones asserts that the reasoning adopted in *Vivas-Ceja* and *Cardena* applies equally to his conviction under § 924(c)(1)(A) for brandishing a firearm during a Hobbs Act robbery. The problem with Jones's argument is that the Seventh Circuit has ruled (in a decision postdating Jones's petition and the government's response) that Hobbs Act robbery remains a "crime of violence" under § 924(c)(3)(A) post-*Johnson*. *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017), *cert. granted, judgment vacated on other ground*, 138 S. Ct. 126 (2017) ("Hobbs Act robbery is a

3

'crime of violence' within the meaning of § 924(c)(3)(A). In so holding, we join the unbroken consensus of other circuits to have resolved this question."); *Haynes v. United States*, 873 F.3d 954, 955 (7th Cir. 2017) (same). "[U]nder the Seventh Circuit's decision in *Anglin*, Hobbs Act robbery served as a valid predicate for [Jones's] conviction under § 924(c)(1)(A)." *United States v. Pickett*, 2017 WL 1196954, at *2 (N.D. Ill. Mar. 31, 2017), *certificate of appealability denied,* 2017 WL 5899317 (7th Cir. Sept. 21, 2017), *cert. denied*, 138 S. Ct. 1312 (2018). Jones therefore is not entitled to relief from his conviction under § 924(c)(1)(A).

The Court declines to issue Jones a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c)(2). "Habeas Corpus Rule 11(a) requires district judges to decide whether to grant or deny a COA in the first instance." *Gonzalez v. Thaler*, 565 U.S. 134, 144 n.5 (2012). To obtain a COA, a habeas petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This demonstration "includes showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the Court's denial of Jones's claims rests on well-established precedent, the Court declines to certify any of Jones's claims for appellate review.

**Conclusion**

For these reasons, Jones's petition for relief under § 2255 (R. 1) is denied. The Court declines to issue a certificate of appealability.

4

ENTERED:

*[signature: Thomas M Durkin]*

Honorable Thomas M. Durkin
United States District Judge

Dated: June 15, 2018